**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL SAVAGE,**

        **Petitioner,**

        **v.**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**CASE NO. 2:20-CV-3139
CRIM. NO. 2:96-CR-10
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255.  (ECF No. 98.)  This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  For the reasons that follow, it is **RECOMMENDED** that this action be dismissed pursuant to Rule 4.

### I.    BACKGROUND

On March 26, 1996, Petitioner pleaded guilty to Counts 1 through 7 of the superseding indictment, which charged him with three counts of possession and/or distribution of more than 5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); conspiracy to rob United States property in violation of 18 U.S.C. § 371; attempted robbery of United States property in violation of 18 U.S.C. §§ 2112 and 2; and use of a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c).  The superseding indictment specified that the § 924(c) charge in Count 6 was predicated on the charge for attempted robbery of U.S. property in Count 5.  (ECF Nos. 21, 39, 73.)  On July 12, 1996, the District Court imposed a term of 150 months' imprisonment plus four years of supervised release.  (ECF Nos. 73).  Petitioner did not file an appeal.  On November 9, 2006, Petitioner began serving his term of

supervised release. (ECF No. 88.) While serving his term of supervised release, however, a superseding indictment was filed in Case Number 2:07-cr-045, charging him with new federal criminal charges. Petitioner subsequently pleaded guilty to one count of distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of possessing a firearm in furtherance of a drug trafficking crime, a violation of § 924(c), and admitted to violating the terms of his supervised release. On August 29, 2008, the Court imposed a term of thirty months imprisonment for the violation of the terms of supervised release, such sentence to be served concurrently with the sentence imposed in Case Number 2:07-cr-145. (ECF Nos. 94, 95.) On October 9, 2018, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 challenging his § 924(c) conviction in Case Number 2:07-cr-045 as constitutionally invalid. Although that motion also has been docketed in this case, the record does not indicate that Petitioner has filed a prior motion under 28 U.S.C. § 2255 challenging the underlying criminal convictions now at issue here. (See ECF No. 96.) Thus, this is his first motion under 28 U.S.C. § 2255 to be filed in this case.

On June 23, 2020, represented by counsel, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255. (Doc. No. 67). He asserts that his conviction on carrying a firearm during and in relation to a crime of violence under § 924(c) must be vacated in view of *United States v. Davis*, -- U.S. --, 139 S.Ct. 2319 (2019). For the reasons that follow, Petitioner's claim fails.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

2

move the court which imposed the sentence to vacate, set aside or correct the sentence.

To obtain relief under 28 U.S.C. § 2255, a prisoner must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

In addition, "it is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982))). Accordingly, if a claim could have been raised on direct appeal, but was not, the Court will not consider the claim via a § 2255 motion unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claim previously; or (2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

### III. ANALYSIS

Petitioner asserts that his conviction on brandishing a firearm during and in relation to a crime of violence under § 924(c)(1)(A)(ii), is constitutionally invalid in view of *Davis*, because the predicate crime for this conviction , *i.e.*, attempted robbery of United States property in violation of 18 U.S.C. §§ 2112 and 2, does not involve a crime of violence. According to Petitioner, that is because his predicate conviction involves an attempt and does not require violence or the actual use of force or include as an element the use or possession of a deadly weapon. (ECF No. 98, PAGEID # 72-74, 75.) This Court, however, has already rejected this argument:

3

At all relevant times, § 924(c) has criminalized the use or possession of a firearm during and in relation to a crime of violence or a drug trafficking crime. Section 924(c)(3) defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is referred to as the "elements" or "use–of–force" clause, while the second clause, § 924(c)(3)(B), is referred to as the "risk" or "residual" clause.

Movant's [] § 924(c) conviction was predicted upon attempted robbery of U.S. property in violation of § 2112. Movant appears to assert that because § 2112 does not constitute a crime of violence pursuant to § 924(c)(3)'s use–of–force clause, it constitutes a crime of violence pursuant to 924(c)(3)'s now–invalidated residual clause. The undersigned disagrees.

A.  Section 2112 and the Force Clause

To determine if a conviction constitutes a crime of violence for purposes of § 924(c)(3), the Sixth Circuit uses a categorical approach that "'focus[es] on the statutory definition of the offense, rather than the manner in which the offender may have violated the statute in a particular circumstance.'" *United States v. Gooch*, 850 F.3d 285, 290 (6th Cir. 2017) (citing *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016)) (quoting *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013)). Section 2112's terms must therefore be examined.

Section 2112 punishes anyone who "robs or attempts to rob another of any kind or description of personal property belonging to the United States." 18 U.S.C. § 2112. Although the statute does not define "robs or attempts to rob," *see id*., the Supreme Court has explained that those terms had "established meanings at common law," *Carter v. United States,* 530 U.S. 255, 266, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000). The Supreme Court has also explained that when "Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice," courts must presume that Congress "knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken." *Id*. at 264, 120 S.Ct. 2159 (quoting *Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 96 L.Ed. 288 (1952)). For that reason, when Congress has "simply punished" a common law crime, Congress has "thereby le[ft] the definition of [the offense] to the common law." *Id*. at 267, 72 S.Ct. 240 n.5. Indeed, the Supreme Court has even pointed to § 2112 as an example of a statute where Congress did not spell out the elements of the offense

4

that it punishes, and that Congress thereby left the definition of "robs or attempts to rob" in § 2112 to the common law. *See id.* (comparing 18 U.S.C. § 2112 to 18 U.S.C. § 2113). The undersigned therefore concludes that § 2112 imports the common law meaning of the terms "robs or attempts to rob."

The Supreme Court has also explained that the common law crime of robbery "has long required force or violence." *Stokeling v. United States*, ––– U.S. ––––, 139 S.Ct. 544, 550, 202 L.Ed.2d 512 (2019). Specifically, when examining whether Florida's state robbery statute was a crime of violence pursuant to the force clause of ACCA, the Supreme Court explained that "at common law, an unlawful taking was merely larceny unless the crime involved 'violence' ... [a]nd 'violence' was 'committed if sufficient force [was] exerted to overcome the resistance encountered.'" *Id.*, (quoting 2 J. Bishop, Criminal Law § 1156, p. 860, 861 (J. Zane & C. Zollman eds., 9th ed. 1923)). The Supreme Court further explained that in the context of common law robbery, distinctions were not made between degrees of force, "[i]f an act physically overcame a victim's resistance, 'however slight' that resistance might be, it necessarily constituted violence." *Id.* (quoting W. Clark & W. Marshall, Law of Crimes 553 (H. Lazell ed., 2d ed. 1905)). The Supreme Court also noted that the "force necessary to overcome a victim's physical resistance is inherently 'violent'" because "robbery that must overpower a victim's will—even a feeble or weak–willed victim–necessarily involves a physical confrontation and a struggle.... [t]he altercation need not cause pain or injury or even be prolonged; it is the physical contest between the criminal and the victim that is itself capable of causing physical pain or injury." *Id.* at 553.

***

Because § 2112 is a felony that has as an element the use of force as described above, it constitutes a crime of violence pursuant to the use–of–force clause of § 924(c). Though Movant's conviction was for attempted robbery of United States property rather than a completed robbery, that distinction makes no difference. Section 924(c)(3)(A) clearly states that offenses that require either the "attempted use of force" or the "use of force" constitute crimes of violence pursuant to that clause. *Cf. United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018) (holding that Hobbs Act Robbery constituted a crime of violence under § 924(c)'s use–of–force clause because that clause expressly includes "attempted use of force"). Moreover, courts have concluded that the attempt to commit an offense that constitutes a crime of violence also constitutes a crime of violence. *See, e.g., Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017) (finding that "[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony"); *United States v. Armour,* 840 F.3d 904, 908–09 (7th Cir. 2016) (holding that attempted armed bank robbery constitutes a crime of violence under the force clause of § 924(c)).

5

*Savage v. United States*, Nos. 2:18-cv-1204, 2:07-cr-145(1), 2019 WL 1573344, at *2-4 (S.D. Ohio Apr. 11, 2019), *adopted by* 2020 WL 995118 (S.D. Ohio March 2, 2020).  *See also Wallace v. United States*, No. 3:19-cv-01122, 2020 WL 2194002, at *5 (M.D. Tenn. May 6, 2020) (noting that, although the Sixth Circuit has not addressed the issue, "other courts that have considered the question have found that, when a substantive offense is a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence") (citations omitted). The undersigned finds no reason to depart from the foregoing authority here.  Thus, because Petitioner's conviction on attempted robbery of U.S. property involves a crime of violence under the provision of § 924(c)(3)(A), *Davis* (invalidating the residual clause of § 924(c)(3)(B) as unconstitutionally vague) does not impact Petitioner's conviction.

As a result, *Davis* does not provide Petitioner a viable basis for habeas relief.

## IV.    DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 98) be **DISMISSED** pursuant to Rule 4.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

>/s/ *Chelsey M. Vascura*
> CHELSEY M. VASCURA
> UNITED STATES MAGISTRATE JUDGE