UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Michael Savage,**

    **Petitioner,**

    v.

**United States of America,**

    **Respondent.**

**Case No. 2:20-cv-3139**
**Crim. No. 2:96-cr-10**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

On July 2, 2020, the Magistrate Judge issued a Report and Recommendation, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, recommending that this action be dismissed.  ECF 99.  Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation.  ECF 100.  Petitioner again argues that his conviction on use of a firearm during, and in relation to, a crime of violence under 18 U.S.C. § 924(c) violates *United States v. Davis*, -- U.S. --, 139 S. Ct. 2319 (2019), because the predicate crime of attempted robbery, a violation of 18 U.S.C. §§ 2112 and 2, does not involve a "crime of violence" under 18 U.S.C. § 924(c)(3)(A).  Petitioner refers to a decision from the United States District Court for the Eastern District of New York in support of this argument.  *Obj.*, ECF 100, at PAGEID # 87.

For the reasons addressed in the Magistrate Judge's Report and Recommendation, this Court is not persuaded by Petitioner's arguments.  Although the United States Court of Appeals for the Sixth Circuit has not yet

weighed in on the issue, this Court agrees with the reasoning of other courts that have addressed it and have concluded that an attempted robbery amounts to a crime of violence under the elements clause of § 924(c)(1)(A). *See Wallace v. United States*, No. 3:19-cv-01122, 2020 WL 2194002, at ** 5–6 (M.D. Tenn. May 6, 2020) (citing *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020) (agreeing that "attempted Hobbs Act armed robbery is a crime of violence for purposes of § 924(c)"); *United States v. McCant*, 805 F. App'x 859, 861 (11th Cir. 2020); *United States v. St. Hubert*, 909 F.3d 909 335, 351–52 (11th Cir. 2018) (finding that an attempted "Hobbs Act Robbery constituted a crime of violence under Section 924(c)'s use-of-force clause"); *United States v. Abdulkader*, No. 1:16-cr-019, 2019 WL 6351257, at **4–5 (S.D. Ohio Nov. 27, 2019) (agreeing with *St. Hubert*'s attempt analysis)).

Petitioner's Objection is **OVERRULED**. The Report and Recommendation is **ADOPTED** and **AFFIRMED**. The Motion to Vacate under 28 U.S.C. § 2255, ECF 98, is **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of

the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

This Court is persuaded that reasonable jurists could debate the dismissal of Petitioner's claim as without merit. The certificate of appealability therefore is **GRANTED.**

The Court certifies the following issue for appeal:

Does Petitioner's conviction on use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) violate the Supreme Court's decision in *Davis*?

**IT IS SO ORDERED**.

    */s/ Michael H. Watson*
    **MICHAEL H. WATSON, JUDGE**
    **UNITED STATES DISTRICT COURT**