# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 2:96-cr-010
                                                          Civil Case No. 2:20-cv-3139

                                                          District Judge Michael H. Watson
  -  vs  -                                     Magistrate Judge Michael R. Merz

MICHAEL EUGENE SAVAGE,

           Defendant.      :

## REPORT AND RECOMMENDATIONS

This proceeding under 28 U.S.C. § 2255 is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. *Savage v. United States,* Case No. 21-3046 (6th Cir. Dec. 8, 2022)(copy at ECF No. 110).

**Litigation History**

This Motion to Vacate was initially filed June 22, 2020 (ECF No. 98) and the Court dismissed it on preliminary review under Rule 4 of the Rules Governing § 2255 Proceedings without ordering a response from the United States (ECF Nos. 99, 101, 102). While the case was pending on appeal, however, the Supreme Court decided *United States v. Taylor*, 142 S. Ct. 2015

1

(2022). The Government conceded that decision undercuts the rationale for Savage's conviction under 18 U.S.C. § 924(c) and argued in the alternative that Savage had procedurally defaulted on his claim. The Sixth Circuit in turn decided this Court should evaluate that defense in the first instance and remanded the case for that purpose. *Savage, supra.*

Upon remand, the Court ordered the United States to answer and provided a reply deadline for Defendant (ECF No. 113). Both parties have complied with that Order (ECF Nos. 115, 116) and the Motion to Vacate is ripe for decision.

## Analysis

Defendant Savage purported to file his Motion to Vacate in both this and his later case, *United States v. Savage*, Case No. 2:07-cr-145, contending his convictions under 18 U.S.C. § 924(c) in both cases are unconstitutional under *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence (the "residual" clause") is unconstitutionally vague. Case No. 2:96-cr-010 is referred to hereinafter as the "1996 Case" and Case No. 2:07-cr-145 as the "2007 Case."

In the 1996 Case Savage pleaded guilty pursuant to Plea Agreement to Counts One through Seven of the Superseding Indictment (Plea Agreement, ECF No. 39; Minutes ECF No. 49). Counts 8 and 9 of that Indictment were dismissed (Minutes ECF No. 72). Savage took no appeal. On May 19, 2008, District Judge Watson issued a warrant for Savage's arrest on charges he had violated the terms of his supervised release by committing the offenses charged in the 2007 Case (ECF No. 89). On August 29, 2008, he was sentenced to serve thirty months imprisonment and

2

five years supervised release, concurrent with the sentence in the 1996 Case (ECF No. 94). Savage again did not appeal.

More than ten years later on October 9, 2018, Savage filed *pro se* a motion to vacate in the 1996 Case (ECF No. 96). His Ground for Relief was that he is actually innocent of the offense of use of a firearm during and in relation to a crime of violence which was being used as a predicate for enhancing his "current federal sentence" (ECF No. 96, PageID 36). He asserted his claim had not been previously presented because

> it relies on the recent Supreme Court decision of *Session v. Dimaya*, 138 S. Ct. 1204 (2018), which resolved the question whether the Supreme Court's prior decision in *United States v. Johnson*, 135 S. Ct. 2251 (2015)[correct citation is *Johnson v. United States*, 576 U.S. 591 (2015)], applies to statutes with similar language as that set forth in the former residual clause of 18 U.S.C. § 924(e). Because the *Dimaya* decision applied the rationale of *Johnson* to 18 U.S.C. § 16(b), by implication that rationale is equally applicable to other statutes that have similar language such as § 924(c)(3)(B).

*Id.* PageID 41. Magistrate Judge Vascura recommended that this Motion to Vacate be denied because

> it plainly appears that Movant is not entitled to relief— his conviction for violating 18 U.S.C. § 2112 constitutes a conviction for a crime of violence pursuant to 18 U.S.C. § 924(c)(3)(A)[the "elements" clause]. Moreover, his claim is precluded by the decision issued by United States Court of Appeals for the Sixth Circuit in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).

(Report, ECF No. 88, PageID 262-63). District Judge Watson adopted Magistrate Judge Vascura's recommendation and dismissed the Motion to Vacate because:

(1) Savage's 18 U.S.C. § 924 (c) conviction in the 2007 Case was predicated on his 924(c) conviction in the 1996 Case which in turn was predicated on his conviction under 18 U.S.C. § 2112 which was found to be a crime of violence not under the unconstitutionally vague

3

"residual clause", but under the elements clause, 18 U.S.C. § 924(c)(3)(A). See *Stokeling v. United States*, — U.S. —, 139 S.Ct. 544, 551 (2019).

(2) Absent allegations Savage did not make, a § 2255 motion in a subsequent case cannot be used to attack an earlier conviction. See *Daniels v. United States,* 532 U.S. 374, 376 (2001).

Defendant, now represented by counsel, filed the instant Motion to Vacate on June 7, 2020 (1996 Case, ECF No. 98) which the Court transferred to the Sixth Circuit for its decision on whether the case could proceed. *Id.* at ECF No. 101. The Sixth Circuit denied permission to proceed. *Id.* at ECF No. 105. It noted that

> the same motion was filed in the 1996 case. The district court dismissed Savage's motion to vacate and granted a certificate of appealability as to whether his § 924(c) conviction is valid after *United States v. Davis*, 139 S. Ct. 2319 (2019). The case is currently [i.e. as of April 22, 2021] pending before this court. *See Savage v. United States*, No. 21-3046.

(2007 Case, ECF No. 105, PageID 356, n. 2).

The Sixth Circuit remanded the case for this Court to decide in the first instance whether Savage's motion is barred by his procedural default in failing to present his 924(c) claim on direct appeal. *Savage v. United States*, Case No. 21-3046 (6th Cir. Dec. 8, 2022)(unpublished; copy at ECF No. 110).

The United States argues that the claim that a statute is void for vagueness was not novel at the time of Savage's 1996 conviction and thus there is no cause to excuse his failure to make that challenge. It also asserts Savage cannot show his actual innocence of other charges made in the Indictment so as to excuse this procedural default (Response to Motion to Vacate, ECF No. 115).

4

Savage opposes the procedural default defense, asserting (1) he committed no such default, (2) he can demonstrate the required actual innocence, (3) he can demonstrate excusing cause and prejudice, and (4) the Government has forfeited the procedural default affirmative defense (Reply, ECF No. 116, PageID 132).

## Analysis

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. The procedural default analysis of *Wainwright* and its progeny is fully applicable to § 2255 motions. *United States v. Frady*, 456 U.S. 152 (1982);

*Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993).

Savage first posits he can show no procedural default occurred, but the Magistrate Judge disagrees. The defense that the statute under which one has been convicted is void for vagueness is fully available on direct appeal. Even a guilty plea by itself does not bar a defendant from challenging the constitutionality of a statute of conviction on direct appeal. *Class v. United States*, 583 U.S. ___, 138 S. Ct. 798, 200 L.Ed. 3d 37 (2018), relying on *Haynes v. United States*, 390 U.S. 85 (1968); *Blackledge v. Perry*, 417 U.S. 21 (1974); and *Menna v. New York*, 423 U.S. 61 (1975). Plainly, Savage's void for vagueness claim was not made on direct appeal; indeed no appeal was taken.

**Excusing Cause**

Savage next argues he can show excusing cause. A habeas petitioner "can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it." *Hall v. Vasbinder,* 563 F.3d 222, 236 (6th Cir. 2009); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), *quoting Murray v. Carrier*, 477 U.S. 478 (1986). Cause must be something external to the petitioner, something that cannot fairly be attributed to him; it must be some objective factor external to the defense. *Hartman v. Bagley,* 492 F.3d 347, 358 (6th Cir. 2007); *Murray v. Carrier*, 477 U.S. 478 (1986).

Savage posits that one of the external factors available to show cause is "a showing that the factual or legal basis for a claim was not reasonably available." (Reply, ECF No. 116, PageID 134, citing *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). "A claim may be held sufficiently

6

novel when, at the time of its default, the legal tools, *i.e*., case law, necessary to conceive and argue the claim were not yet in existence and available to counsel." *Id.,* citing *Poyner v. Murray*, 964 F.2d 1404, 1424 (4th Cir. 1992) (*citing Engle v. Isaac*, 456 U.S. 107, 130-33 (1982)). Indeed, the Supreme Court has held that the cause requirement in habeas is satisfied if a constitutional claim is sufficiently novel not to have been reasonably available to competent counsel at time of trial. *Reed v. Ross,* 468 U.S. 1 (1984). Savage notes that lower federal courts relying on *Reed* have found the void for vagueness argument was not reasonably available at the time of his 1996 conviction (Reply, ECF No. 116, PageID 135-36, citing *United States v. Doe*, 810 F.3d 132, 153 (3d Cir. 2015); *Cross v. United States*, 892 F.3d 288, 296 (7th Cir. 2018); and *English v. United States*, 42 F.3d 473, 479 (9th Cir. 1994).

However, Savage acknowledges that the Sixth Circuit has held to the contrary in *Gatewood v. United States*, 979 F.3d 391(6th Cir. 2020). While Savage argues *Gatewood* was wrongly decided, it is a published opinion of the Sixth Circuit and is thus binding precedent this Court must follow. The asserted novelty of the void for vagueness argument at the time of the 1996 conviction cannot provide excusing cause in this case.

**Actual Innocence**

A persuasive showing of actual innocence will avoid a procedural default or the statute of limitations in a habeas corpus or § 2255 proceeding. *Schlup v. Delo*, 513 U.S. 298, 319 (1995); *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Savage argues "In light of *Davis [United States v. Davis*, 139 S. Ct. 2319 (2019)]; and [*Taylor United States v. Taylor,* 142 S.Ct. 2015 (2022)], Savage

7

is actually innocent of the § 924(c) count on which he was convicted in 1996." (Reply, ECF No. 116, PageID 133).

Savage claims this is "a point undisputed by the Government." *Id.* But the Government has not conceded Savage is "actually innocent" as that term has acquired meaning in the habeas corpus jurisprudence. Instead, the Government conceded on appeal that *Taylor* "undermined this Court's reasoning in dismissing the motion to vacate."

The parties agree the actual innocence gateway applies to cases where plea negotiations resulted in a conviction as well as to cases which were tried. But the parties disagree on application of the relevant Supreme Court decision, *Bousley v. United States,* 523 U.S. 614 (1998). *Bousley* holds that actual innocence means factual innocence, not mere legal insufficiency. Savage has not made a showing of factual innocence in the sense that phrase is used in *Schlup*, or *House v. Bell*, 547 U.S. 518 (2006), or *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), that is, "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Indeed, Savage has presented no evidence at all of factual innocence, but relies on the legal insufficiency of the conviction in that the statute of conviction has been held to be void for vagueness and that ruling has been made retroactive. However, because the parties have not briefed that issue, the Court need not decide it but can assume, *arguendo*, that a showing of invalidity of the underlying conviction is sufficient.

What the parties have briefed is the question of what showing of actual innocence must be made in a guilty plea case where the Government has dismissed other charges as part of the plea agreement. *Bousley* holds the defendant must show actual innocence of those charges as well. The question that divides the parties is whether the other charges must also be more serious than the count to which a guilty plea was accepted or whether it is sufficient that they be just as serious,

8

with "serious" meaning carrying a more severe maximum penalty. Savage contends he need make no showing of innocence respecting the other charges because none of them was "more serious" in this sense. The Government contends a showing of actual innocence is needed if the other charges are as serious.

The language of *Bousley* supports Savage's position. Chief Justice Rehnquist wrote for the Court: "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." 523 U.S. at 624. But Bousley was not actually charged with the more serious offense of "using" a firearm in violation of 18 U.S.C. § 924(c)(1), but only with "carrying"[1] a firearm. "Using" carries a heavier penalty than "carrying," so the Government had not given up more serious charges. The "more serious" language is therefore dictum, not holding[2].

While the "more serious" language was dictum in *Bousley*, it was relied on in *Van Winkle v. United States*, 645 F.3d 365 (6th Cir. 2011), a case arising from this Court, where the circuit court held defendant's failure to prove he was actually innocent of the more serious charges of mail fraud and wire fraud was fatal to his actual innocence excuse of procedural default for failing to raise his legal insufficiency claim on direct appeal.

Because the forgone charges in *Van Winkle* were in fact more serious and defendant could not show he was actually innocent of them, the Sixth Circuit was not faced with deciding between "more serious" and "equally serious" as the test. As the Government argues, the logic of *Bousley* extends to cases such as this one where the forgone charges were a parallel 924(c) count of assault

---

[1] "In this case, the Government maintains that petitioner must demonstrate that he is actually innocent of both "using" and "carrying" a firearm in violation of § 924(c)(1). But petitioner's indictment charged him only with "using" firearms in violation of § 924(c)(1). App. 5-6. And there is no record evidence that the Government elected not to charge petitioner with "carrying" a firearm in exchange for his plea of guilty. Accordingly, petitioner need demonstrate no more than that he did not "use" a firearm as that term is defined in *Bailey*." *Bousley*, 523 U.S. at 624.

[2] "A holding consists of the 'court's determination of a matter of law pivotal to its decision.'" Garner, et al. "The Law of Judicial Precedent at 44, quoting Black's Law Dictionary 849 (Bryan A. Garner ed., 10th ed. 2014).

9

on federal officer and possession of a sawed-off shotgun. Presumably because of his reliance on *Van Winkle*, Savage makes no effort to show he was actually innocent of those two charges and neither one comes within the legal insufficiency argument used to show actual innocence of the count of conviction.

In sum, Savage has not shown actual innocence so as to excuse his failure to raise his legal insufficiency claim on direct appeal, even if we assume a showing of legal insufficiency satisfies the "factual innocence" requirement of *Bousley*.

**Forfeiture of the Procedural Default Affirmative Defense**

Savage asserts the United States has forfeited the procedural default defense by not objecting to Magistrate Judge Vascura's failure to deal with the issue in her Report and Recommendations on preliminary review under Rule 4 (Reply, ECF No. 116, PageID 139).

Procedural default is indeed an affirmative defense in § 2255 Cases and in habeas corpus in general. It may be forfeited by failure of the Government to raise it at the appropriate time. *Getsy v. Mitchell,* 495 F.3d 295, 317 (6th Cir. 2007)(en banc), *citing Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006); *Gray v. Netherland*, 518 U.S. 152, 166 (1996). But even if waived by the respondent, it may be raised *sua sponte* by the federal courts. *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013), *citing Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). Indeed in *Strong v. Nagy*, 962 F. 3d 192 (6th Cir. 2020)(Moore, Clay & Murphy), the appellate court raised the defense *sua sponte*: "Although the district court elected to skip to the merits of Strong's claims, we resolve his appeal on the basis of procedural default."

Claiming forfeiture on the basis of failure to object to a merits R&R on preliminary review misses the structure of § 2255 pleading altogether. The Rules Governing § 2255 Proceedings expressly provide the United States is not required to answer a § 2255 motion "unless a judge so orders" which happens after the preliminary review under Rule 4. In this case there was no order for answer until January 30, 2023, after remand from the Sixth Circuit and the United States raised procedural default in its answer, as it had as an alternative basis for affirmance in the Sixth Circuit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the § 2255 Motion to Vacate be denied because the claim made has been procedurally defaulted by failure to raise it on direct appeal. However, the Magistrate Judge finds reasonable jurists could disagree with his conclusion that the logic of the *Bousley* requirement of proof of actual innocence extends to foregone counts of equal seriousness with the count of conviction and recommends a certificate of appealability be granted on that question.

May 10, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge