IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 2:96-cr-010
                                                      Civil Case No. 2:20-cv-3139

                                                        District Judge Michael H. Watson
-  vs  -                                  Magistrate Judge Michael R. Merz

MICHAEL EUGENE SAVAGE,

          Defendant.    :

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

      This proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 118) to the Magistrate Judge's Report and Recommendations recommending denial of his Motion to Vacate under 28 U.S.C. § 2255 (the "Report," ECF No. 117). District Judge Watson has recommitted the Motion to Vacate for reconsideration in light of the Objections (ECF No. 119).

      This Motion to Vacate was initially filed June 22, 2020 (ECF No. 98). The Court dismissed it on preliminary review (ECF Nos. 99, 101, 102) and Defendant appealed. While the case was pending on appeal, the Supreme Court decided *United States v. Taylor*, 142 S. Ct. 2015 (2022). The Government conceded in the Sixth Circuit that that decision undercuts the rationale for Savage's conviction under 18 U.S.C. § 924(c) and argued in the alternative that Savage had

1

procedurally defaulted on his void for vagueness claim by not raising it on direct appeal. The Sixth Circuit in turn decided this Court should evaluate that defense in the first instance and remanded the case for that purpose. *Savage v. United States,* Case No. 21-3046 (6th Cir. Dec. 8, 2022)(copy at ECF No. 110).

In its Return of Writ, the United States reiterated its procedural default defense (Response, ECF No. 115). In his Reply, Savage opposed the procedural default defense, asserting (1) he committed no such default, (2) he can demonstrate the required actual innocence, (3) he can demonstrate excusing cause and prejudice, and (4) the Government has forfeited the procedural default affirmative defense (ECF No. 116, PageID 132).

The Report found the procedural default defense well-taken and recommended dismissal (ECF No. 117). It concluded the void-for-vagueness claim was fully available at the time and could have been raised on direct appeal but Savage did not do so; indeed, he did not appeal at all. *Id.* at PageID 146. Savage does not object to this portion of the Report.

As excusing cause, Savage had argued in his Reply that the void-for-vagueness claim was not available at the time he would have had to raise it on appeal. The Report concluded, however, that "the Sixth Circuit has held to the contrary in *Gatewood v. United States*, 979 F.3d 391(6th Cir. 2020)(ECF No. 117, PageID 147). Savage also does not object to this portion of the Report.

The Reply argued the procedural default defense was barred by the Government's failure to object on that basis to Magistrate Judge Vascura's recommended dismissal on preliminary review under Rule 4. The Report noted circuit precedent raising the default defense *sua sponte* (ECF No. 117, PageID 150). Savage likewise does not object to this portion of the Report.

Savage's Objections focus entirely on his actual innocence claim. The Report noted the Supreme Court's requirement that in plea-bargained cases a defendant was required to show not

2

only that he was factually innocent of the crime of conviction, but also of other counts of the indictment that the Government had bargained away (Report, ECF No. 117, PageID 148, relying on *Bousley v. United States,* 523 U.S. 614 (1998)).  Savage argued *Bousley* requires only proof of actual innocence of more serious other counts, "more serious" meaning carrying a heavier maximum penalty than the count of conviction.  The Government argues a defendant need only prove actual innocence of equally serious other counts and the Report accepted this argument.

The Report acknowledged Chief Justice Rehnquist had written in *Bousley* "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." (ECF No. 117, PageID 149, citing 523 U.S. at 624).  However, the Report discounted the "more serious" words as dictum because the dismissed counts in *Bousley* were not in fact more serious than, but only equal to, the count of conviction. *Id.*  That makes the "more serious" language in *Bousley* classic dictum:  language in a court opinion which speaks to a matter not actually at issue.  The Report also distinguished *Van Winkle v. United States*, 645 F.3d 365 (6th Cir. 2011), where the circuit court quoted the "more serious" language in denying an actual innocence claim, but the dismissed counts were in fact more serious.

The Objections quarrel with this analysis.  Savage argues that if the Supreme Court had meant "equally serious, it would have said so" and the "more serious" language "is a procedural rule, not dictum." (ECF No. 118, PageID 154).  This argument elides the very different contexts in which the Supreme Court issues opinions and promulgates rules.

The Supreme Court is authorized to promulgate procedural rules by the Rules Enabling Act, legislation first promoted by Chief Justice Taft and first used in adopting the Federal Rules of Civil Procedure in 1937.  The rule-making authority is codified at 28 U.S.C. § 2072.  Typically

3

proposed rules come to the Court from a range of advisory committees on specific categories of rules and drafts are widely shared with the practicing bar and public before adoption by the Court in May of a given year with effectiveness postponed until the following December 1 to allow Congressional consideration and possible veto.  Deep and widespread professional attention is given to the wording of proposed rules.[1]

In contrast, the language of Supreme Court opinions receives far less attention prior to being handed down.  It is well known that the initial drafting of opinions is assigned to one Justice and the amount of modification by other Justices is usually opaque, particularly when decisions are unanimous.

Furthermore, the Supreme Court has never foresworn the classic common law distinction between holding and dictum on which the Report relies[2].  Maintaining that distinction allows the authoring Justice some leeway with language by not making a fetish of each word.  The present Court has been criticized for deciding far fewer cases than the Warren Court did, for example, but insisting that every word is part of the holding of the case would likely force a further contraction of caseload.

---

[1] See, for example, the restoration of the word "shall" in Fed.R.Civ.P. 56, replacing the word "should" which had replaced "shall" three years earlier as part of the Style Project. "Shall" was restored because of the meaning it had acquired since adoption of the Rules in 1937 and largely at the instance of the practicing bar.  See Advisory Committee comment to 2010 amendment to Rule 56.

[2] "A holding consists of the 'court's determination of a matter of law pivotal to its decision.'"  Garner, et al. "The Law of Judicial Precedent at 44, quoting Black's Law Dictionary 849 (Bryan A. Garner ed., 10th ed. 2014).  The line between holding and dictum is a distinction that dates from legal literature during the late 18th century.  Garner at 44.  "Dictum" is defined in Garner's Dictionary of Legal Usage as "a nonbinding, incidental opinion given by a judge in the course of a written opinion delivered in support of a judgment."  Garner at 46.

**Conclusion**

Having reconsidered the case in light of the Objections, the undersigned again respectfully recommends that the Motion to Vacate be denied.  However, the Magistrate Judge finds reasonable jurists could disagree with his conclusion that the logic of the *Bousley* requirement of proof of actual innocence extends to foregone counts of equal seriousness with the count of conviction and recommends a certificate of appealability be granted on that question.

June 1, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

>                              s/ *Michael R. Merz*
>                              United States Magistrate Judge